IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN EDWARD FLEEGER, )
        Plaintiff, )
  -vs- ) Civil Action No. 16-318
NANCY A. BERRYHILL,[1] )
COMMISSIONER OF SOCIAL SECURITY, )
        Defendant. )

AMBROSE, Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 16 and 18). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 17 and 19). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting in part and denying in part Plaintiff's Motion for Summary Judgment (ECF No. 16) and denying Defendant's Motion for Summary Judgment. (ECF No. 18).

**I.   BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his applications for supplemental security income ("SSI") and child's insurance benefits ("CIB") pursuant to the Social Security Act ("Act"). Plaintiff filed his applications alleging disability beginning on November 1, 2012. (ECF No. 8-6, p. 2). Administrative Law Judge ("ALJ"), Wayne Stanley, held a hearing on July 17, 2014 (ECF No. 8-3). On July 22, 2014, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 8-2, pp. 21-37).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 16 and 18). The issues are now ripe for review.

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

2

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

**B.** **<u>Severe Impairment</u>**

At step two of the analysis, an ALJ must determine whether the claimant has a medically determinable impairment that is severe or a combination of impairments that is severe. 20 C.F.R. §404.1520(a). An impairment is not severe if it does not significantly limit the physical or mental ability to do basic work activities. 20 C.F.R. §404.1520(c), §404.1521(a). If a claimant is found to have a severe impairment, then the ALJ proceeds to the next step. 20 C.F.R. §404.1520(a).

In this case, Plaintiff argues that the ALJ erred in failing to find his diagnoses of depressive disorder NOS, pervasive developmental disorder (PDD) NOS, borderline intellectual function, and rule out Asperger's disorder to be severe. (ECF No. 17, pp. 11-13). Although the ALJ did not find these impairments to be sever, the ALJ found that Plaintiff has the following severe impairments: asthma, learning disability, headaches, and adjustment disorder. (ECF No. 8-2, p. 23). So, the ALJ proceeded to the next steps. (ECF No. 7-2, p. 21). Thus, Plaintiff was not denied benefits at step 2.

The ALJ proceeded beyond step 2. (ECF No. 8-2, pp. 24-37). In so doing, the ALJ

3

acknowledged that in making the residual functional capacity ("RFC") determination he considered all impairments, including any impairment that is not severe. (ECF No. 8-2, p. 28). Consequently, the ALJ proceeded to consider the Plaintiff's severe and non-severe impairments in the evaluation process and in determining Plaintiff's RCF. (ECF No. 8-2, pp. 23-37). Therefore, I find any purported error was harmless such that a remand on this basis is not warranted. *Salles v. Commissioner of Social Sec.,* 229 Fed.Appx. 140, 144-145, n. 2, 2007 WL 1827129 (3d Cir. 2007); *Sheeler v. Astrue*, No. 08-64J, 2009 WL 789892, 4 -5 (W.D.Pa. March 24, 2009); *Hanke v. Astrue, No. 12-2364,* 2012 WL 6644201, *4 (7th Cir. Dec. 21, 2012).

      **C.**     **<u>Consultative Examiner, Dr. Eisler</u>**

Plaintiff next argues that the ALJ erred in failing to adequately explain why he gave very little weight to the opinion of the consultative psychological examiner, Dr. Eisler. (ECF No. 17, pp. 13-18). The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 416.927(c)(2). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010).

Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009). To that end, the ALJ must provide sufficient explanation of his or her final determination to provide a reviewing court with the benefit of the factual basis underlying the ultimate disability finding. *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981). In other words, the ALJ must provide sufficient discussion to allow the court to determine whether any rejection of potentially pertinent, relevant evidence was proper. *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 203-04 (3d Cir. 2008).

Plaintiff asserts the ALJ's decision to give Dr. Eisler's opinion "very little weight" is based on incorrect statements related to Plaintiff's college attendance and his participation in a voluntary fire company and, therefore, the case should be remanded. (ECF No. 71, pp. 16-18). After a review of the record, however, I agree with Plaintiff that the ALJ's reasons are not borne out in the record.

For example, in rejecting Dr. Eisler's conclusion regarding Plaintiff's marked degree of limitation in carrying out short, simple instructions and in carrying out detailed instructions, the ALJ states that Plaintiff was "volunteering with a fire company and going out on fire calls" and was "enrolled in full time schooling, attending from 8am to 3pm, five days per week." (ECF No. 8-2, p. 33). Contrary to this assertion, the record provides otherwise. Specifically, when asked

5

by the ALJ at the hearing if Plaintiff actually goes out on volunteer fire calls, Plaintiff responded that he only went out on one call. (ECF No. 8-3, p. 12). "There's one that I went out on. This vehicle accident down the road. My dad took me with him."[2]  *Id.*  Furthermore, Plaintiff acknowledged to the ALJ that he never passed the test to become a fireman. *Id.*

Also, in rejecting Dr. Eisler's conclusion regarding Plaintiff's marked degree of limitation in interacting with the public and supervisors, responding appropriately to work pressures in a usual work setting and responding appropriately to changes in a routine work setting, and in the ability to behave in an emotionally stable manner, the ALJ again cites that, *inter alia,* the Plaintiff "goes out [on] fire calls (and has since mid-high school) where he noted being involved with victims of fire [and] victims of car accidents" and that Plaintiff has completed "two years of college courses." (ECF No. 8-2, p. 33). Again, contrary to this assertion, the record provides otherwise. With regard to his college education, Plaintiff's testimony indicates that he had been enrolled at the community college for only one year, was only about to start his second year, that he was taking remedial classes and that he has tutors for his classes. (ECF No. 8-3, pp. 10, 26, 31). Additionally, there was conflicting testimony that Plaintiff attended college on a full time basis since he testified that while he was a full time student attending school from 8 a.m. – 3 p.m. (ECF No. 8-3, pp. 15, 21) while also testifying that January through March he attended "psych rehab" twice a week from 10:30 a.m. - 3 p.m. (ECF No. 8-3, p. 29).

Thus, I find two of the main reasons for assigning very little weight to Dr. Eisler's opinion to be inaccurate, at best, and unsupported by substantial evidence of record. Therefore, based on the above, I find that the ALJ has erred and remand is required.[3]

An appropriate order shall follow.

---

[2] Plaintiff's father is a volunteer fireman. (ECF No. 8-3, p. 11).

[3] Plaintiff makes one final argument regarding the ALJ's inadequate consideration of his migraine headaches when determining his residual functional capacity. (ECF No. 17, pp. 18-19). Since I am remanding this case as set forth above, the issue of Plaintiff's RFC will be reconsidered again, *de novo.* Therefore, the issue is moot and I decline to consider the same at this time.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN EDWARD FLEEGER, ) <br> ) <br> Plaintiff, ) <br> ) <br> -vs- ) <br> ) <br> NANCY A. BERRYHILL,[4] ) <br> COMMISSIONER OF SOCIAL SECURITY, ) <br> ) <br> Defendant. ) | Civil Action No. 16-318 |

AMBROSE, Senior District Judge

## **ORDER OF COURT**

THEREFORE, this 24th day of April, 2017, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 16) is granted in part and denied in part and Defendant's Motion for Summary Judgment (Docket No. 18) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

BY THE COURT:

s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge

---

[4] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.